UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MILES E. HOISINGTON, JR.,

Plaintiff,

-against-

R.L. VALLEE, INC.,

Defendant.

24-CV-5507 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Miles Hoisington, Jr., a practicing attorney with a law office in Stowe, Vermont,[1] brings this *pro se* action alleging that at a Vermont convenience store called Maplefield's, unidentified individuals "illegally alleged that Mr. Hoisington violated a 'notice against trespass' and caused a criminal complaint to be brought against him in Hyde Park, Vermont[.]" (ECF 1, at 1.) Plaintiff brings this action against R.L. Vallee, Maplefield's " parent company/owner." (*Id.*) For the following reasons, the Court transfers this action, under 28 U.S.C. § 1404(a), to the United States District Court for the District of Vermont.

**DISCUSSION**

Under 28 U.S.C. § 1391(b), a civil action may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

[1] Because Plaintiff is an attorney, he is not entitled to the special solicitude that the Court normally extends to non-attorney pro se litigants. *See Tracy v. Freshwater*, 623 F.3d 90, 101-02 (2d Cir. 2010).

Under Section 1391(c), a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff brings this action against a Vermont corporation, R.L. Vallee, Inc., and does not allege facts suggesting that R.L. Vallee is subject to personal jurisdiction with respect to this civil action in this District. Thus, venue in this District does not appear to be proper under Section 1391(b)(1). Venue also does not appear to be proper under Section 1392(b)(2). Though Plaintiff argues that venue is proper in this District because he "is domiciled in New York[,] . . . [he] is a practicing attorney whose business was damaged in New York by defendant's violation of the [Vermont] statutes . . . and . . . [the] [i]njury occurred in New York," these allegations do not suggest that venue is proper in the Southern District of New York. (ECF 1, at 1.) Plaintiff does not state where in the State of New York Defendant harmed his business and whether that alleged harm transpired within a county located in the Southern District of New York.

Moreover, Plaintiff's prior action filed in this court, *see Hoisington v. WCAX-TV*, No. 24-CV-4560 (S.D.N.Y. June 28, 2024), raising related claims, does not provide clear guidance on the proper venue for this action. In *Hoisington I*, which the Court transferred to the District of Vermont in the interest of justice under Section 1404(a), Plaintiff alleged that he resides in New Hampshire and conducts his business in New York City. *See Hoisington I*, ECF 1, at 1. In this matter, he alleges he resides in New York but "is on sabbatical in Vermont." (ECF 1, at 3.) While the Court can conclude, based on the facts pleaded in *Hoisington I*, that the alleged harm to Plaintiff's business occurred in New York City, this allegation does not suggest that a substantial

part of the events giving rise to Plaintiff's claims occurred within the Southern District of New York.

Even if venue is proper in this District, the Court may transfer this action to any other district where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following ten factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors).

A plaintiff's choice of forum is accorded less deference where the plaintiff does not reside in the chosen forum and the operative events did not occur there. *See Iragorri v. United Tech. Corp.*, 274 F.3d 65, 72 (2d Cir. 2001).

Under Section 1404(a), transfer appears to be appropriate in this case. The underlying events occurred in Vermont where Defendant resides, Plaintiff currently resides and maintains a law office, and where the criminal complaint was filed. It is therefore reasonable to expect that all relevant documents and witnesses would be in Vermont. The District of Vermont appears to be a more convenient forum for this action. Accordingly, the Court transfers this action to the United States District Court for the District of Vermont. 28 U.S.C. § 1404(a); *see D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in

making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.”).

**CONCLUSION**

The Court transfers this action to the United States District Court for the District of Vermont, in the interest of justice. *See* 28 U.S.C. § 1404(a). Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court.[2] A summons shall not issue from this Court. This order closes this case.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: August 20, 2024
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

[2] Plaintiff did not pay the fees for this action or ask that they be waived.